# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

RICHARD MICHAEL SIERADZKI,

    Petitioner,

v.                                                          Case No. 18-cv-13324

JOE BARRETT,

    Respondent.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS, STAYING CASE, AND ADMINISTRATIVELY CLOSING CASE

In 2018, Petitioner Richard Michael Sieradzki filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent Joe Barrett then filed a motion to dismiss the petition based on Petitioner's failure to exhaust state remedies for all his claims. As explained below, the petition is a "mixed" petition of exhausted and unexhausted claims. Dismissal of the petition would likely result in a future petition being barred by the habeas statute of limitations. Accordingly, rather than dismissing the petition, the court will stay and administratively close the case to allow Petitioner the opportunity to return to state court and exhaust all of his claims.

## I. BACKGROUND

On April 10, 2015, Petitioner pleaded guilty in Muskegon County Circuit Court to one count of aggravated indecent exposure as a sexually delinquent person, Mich. Comp. Laws §750.335a(2)(b) and (c), and one count of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a. Petitioner had no plea agreement, but the trial court agreed that the minimum sentence for the accosting conviction would not

exceed 58 months in prison and that the sentences for both counts would run concurrently. (ECF No. 7-3, PageID.61–63.) On July 6, 2015, the trial court sentenced Petitioner as a habitual offender to one day to life imprisonment for the indecent exposure conviction and 58 months to 15 years for the accosting conviction, with credit for 293 days. The court ordered the two sentences to run concurrently. (ECF No. 7-5, PageID.116.)

In an application for leave to appeal in the Michigan Court of Appeals, Petitioner argued that the trial court violated statutory requirements and his right to due process by convicting and sentencing him as a sexually delinquent person without holding a separate hearing on sexual delinquency. He also alleged that his trial attorney was ineffective for not objecting to the trial court's failure to hold a separate hearing to establish sexual delinquency. The Court of Appeals granted leave to appeal, but later rejected Petitioner's arguments and affirmed his convictions and sentences in a *per curiam* opinion. *See People v. Sieradzki*, No. 333245, 2017 WL 4557026 (Mich. Ct. App. Oct. 12, 2017) (unpublished).

Petitioner raised the same two issues he argued in his appeal in an application for leave to appeal in the Michigan Supreme Court. He also raised four new claims: the trial court refused to recuse itself despite overwhelming evidence of judicial bias; the trial court deprived him of due process by not allowing him to take a polygraph test to prove his innocence; his prior convictions for criminal sexual conduct were improperly used for purposes of the habitual offender statute; and appellate counsel was ineffective for failing to (a) file a motion for reconsideration in the Michigan Court of Appeals regarding the right to a separate hearing on sexual delinquency, (b) raise a claim about

trial counsel's ineffectiveness, and (c) raise the new issues presented in his application for leave to appeal. On July 3, 2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented raised in Petitioner's application. *See People v. Sieradzki*, 913 N.W.2d 314 (Mich. 2018).

On October 17, 2018, Petitioner signed and dated his habeas corpus petition, which the Clerk of Court filed on October 24, 2018. Petitioner alleges as grounds for relief that:

> 1) the Michigan Court of Appeals erred by ruling that Petitioner waived his claim regarding the trial court's failure to hold a separate hearing to establish the sexual delinquency charge;
>
> 2) trial counsel was ineffective for failing to object to the lack of a separate hearing regarding the sexual delinquency charge;
>
> 3) the trial court violated his right to due process by refusing to recuse itself despite overwhelming evidence that the court was biased;
>
> 4) the trial court violated his right to due process by refusing to allow him to take a polygraph test to prove his innocence;
>
> 5) his right to due process was violated by the use of prior convictions for criminal sexual conduct to establish that he was a habitual offender; and
>
> 6) appellate counsel was ineffective for failing to (a) file a motion for reconsideration in the Michigan Court of Appeals on his first claim, (b) argue that defense counsel was ineffective for failing to object to the lack of a separate hearing on sexual delinquency, and (c) raise issues three through five.

(ECF No. 1, PageID.4, 6, 8, 11–12, 14.)

Respondent filed a motion to dismiss in which he argues that the court should dismiss the petition because Petitioner did not raise his third, fourth, fifth, and sixth claims in the Michigan Court of Appeals. (ECF No. 6, PageID 26–27, 34, 36.) Petitioner concedes that he did not present those four claims to the

3

Michigan Court of Appeals, but he maintains that he exhausted state remedies by properly presenting all his claims to the Michigan Supreme Court. (ECF No. 8.) In the alternative, Petitioner asks the court for permission to return to the state trial court and seek collateral relief. (*Id.* at PageID. 462, 465.)

## II. ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner exhausted state remedies for his first and second claims by raising those claims in both the Michigan Court of Appeals and the Michigan Supreme Court. However, he raised his third, fourth, fifth, and sixth claims only in the Michigan Supreme Court, and presenting a claim for the first time in a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 349–51 (1989). Therefore, the habeas petition is a "mixed" petition containing two exhausted claims and four unexhausted claims.

Dismissing this case while Petitioner pursues additional state remedies would likely result in a subsequent habeas petition being barred by the one-year statute of

4

limitations set forth in 28 U.S.C. § 2244(d). Given the dilemma created by the exhaustion requirement and the statute of limitations, the Supreme Court has approved a "stay-and-abeyance" procedure in which a federal district court stays a federal proceeding and holds a habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275–76. The *Rhines* stay-and-abeyance procedure is available when the petitioner has good cause for the failure to first exhaust his state remedies in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies these conditions, the district court should stay, rather than dismiss, the petition. *Id.*

The court has reviewed the parties' filings and determines that Petitioner is not engaged in abusive litigation tactics. Some of Petitioner's unexhausted claims relate to ineffective assistance of counsel, and courts in this district have found ineffective assistance of counsel to be sufficient "cause" to satisfy the requirements for stay and abeyance. *See Jones v. Warren*, No. 06-11113, 2006 WL 800752, at *3 (E.D. Mich. Mar. 28, 2006) (Roberts, J. ) (collecting cases). Additionally, based on the court's preliminary review of Petitioner's claims at this early stage, it appears that at least some of Petitioner's unexhausted claims are potentially meritorious. The court is persuaded that a stay is justified to allow Petitioner to exhaust his state court remedies on his four unexhausted claims based on these considerations. Finally, the court sees no prejudice to Respondent in staying this case. However, Petitioner "could be prejudiced by having

5

to simultaneously fight two proceedings in separate courts and . . . if this court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015) (Michelson, J.).

The court will stay the case and allow Petitioner to exhaust his state court remedies pursuant to the terms described below. Any failure on the part of Petitioner to comply with these terms could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### III.  CONCLUSION

For the reasons explained above, the court will deny Respondent's motion to dismiss, stay the case, and allow Petitioner to return to state court and exhaust his claims. Accordingly,

IT IS ORDERED that Respondent's motion to dismiss (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that this case is STAYED. The clerk of the court is DIRECTED to administratively close this case for statistical purposes only. Nothing in this order should be construed as an adjudication of any of Petitioner's claims.

FINALLY, IT IS ORDERED that Petitioner shall commence post-conviction proceedings in state court within 60 days of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order. The amended petition and

motion to lift the stay must be filed within 60 days of exhausting state remedies.

                                                        S/Robert H. Cleland  
                                                        ROBERT H. CLELAND  
                                                        UNITED STATES DISTRICT JUDGE

Dated: December 19, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2019, by electronic and/or ordinary mail.

                                                        S/Lisa Wagner  
                                                        Case Manager and Deputy Clerk  
                                                        (810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\18-13324.SIERADZKI.deny.mtd.BH.HEK.docx