UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SIERADZKI,

          Petitioner,

                                        Case No. 18-cv-13324

                                        Hon. Mark A. Goldsmith

JOE BARRETT,

          Respondent.

_____/

**OPINION AND ORDER (i) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), (ii) DENYING A CERTIFICATE OF APPEALABILITY, AND (iii) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

In 2018, Petitioner Richard Sieradzki filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (Dkt. 1). During the pendency of this case, Petitioner was released from the Michigan Department of Corrections (MDOC) and is presently paroled.[1] His petition raises claims challenging his Muskegon County plea-based convictions for one count of aggravated indecent exposure as a sexually delinquent person, Mich. Comp. Laws § 750.335a(2)(b) and (c), and one count of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a. Id. He raises six claims for relief. Id.

Respondent argues that the Court should deny Petitioner's petition. Answer. (Dkt. 14). For the reasons set forth, the Court concludes that Petitioner is not entitled to relief on his claims and

---

[1] The Michigan Offender Tracking Information System (OTIS) indicates that Petitioner is currently released on parole. https://perma.cc/2VPF-D6H4. Petitioner's release does not render the petition moot, however, given the collateral consequences that flow from a criminal conviction. See Gentry v. Deuth, 456 F.3d 687, 693–95 (6th Cir. 2006); Green v. Arn, 839 F.2d 300, 302 (6th Cir. 1988).

denies the petition. The Court also declines to issue a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I.   BACKGROUND

Petitioner's convictions arose from a sexual encounter with a minor. The following facts as recited by the Michigan Court of Appeals are presumed correct on habeas review. Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009); 28 U.S.C. § 2254(e)(1):

> Defendant pleaded guilty to aggravated indecent exposure as a sexually delinquent person, MCL 750.335a(2)(b) and (c), and accosting a child for immoral purposes, MCL 750.145a. Defendant admitted that in the summer of 2014, he approached a 14–year-old boy who was doing yard work and asked the boy to masturbate in front of him so that he could watch and get his own pleasure. Defendant also exposed his genitals and fondled them in the boy's presence. The trial court subsequently sentenced defendant to one day to life imprisonment for the aggravated indecent exposure as a sexually delinquent person conviction and 58 months to 15 years' imprisonment for the accosting a child for immoral purposes conviction.

People v. Sieradzki, No. 333245, 2017 WL 4557026, at *1 (Mich. Ct. App. Oct. 12, 2017).

On April 10, 2015, Petitioner pleaded guilty in the Muskegon County Circuit Court to one count of aggravated indecent exposure as a sexually delinquent person, Mich. Comp. Laws §750.335a(2)(b) and (c), and one count of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a. Petitioner did not have a plea agreement, but the trial court agreed that the minimum sentence for the accosting conviction would not exceed 58 months in prison and that the sentences for both counts would run concurrently. 4/10/15 Tr. at PageID.61–63 (Dkt. 7-3).

On July 6, 2015, the trial court sentenced Petitioner as a habitual offender to one day to life imprisonment for the indecent exposure conviction and 58 months to 15 years for the accosting conviction, with credit for 293 days. The court ordered the two sentences to run concurrently. 7/6/15 Tr. at PageID.116 (Dkt. 7-5).

2

In an application for leave to appeal in the Michigan Court of Appeals, Petitioner argued that the trial court violated statutory requirements and his right to due process by convicting and sentencing him as a sexually delinquent person without holding a separate hearing on sexual delinquency. Sieradzki, 2017 WL 4557026, at *1. He also alleged that his trial attorney was ineffective for not objecting to the trial court's failure to hold a separate hearing to establish sexual delinquency. Id. at *2. The Court of Appeals granted leave to appeal, but later rejected Petitioner's arguments and affirmed his convictions and sentences in a per curiam opinion. See Id. at *2–3.

Petitioner raised the same two issues in the Michigan Supreme Court. He also raised four new claims. See People v. Sieradzki, 913 N.W.2d 314 (Mich. 2018). On July 3, 2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented in Petitioner's application. Id.

On October 17, 2018, Petitioner signed and dated his habeas corpus petition, which the Clerk of Court filed on October 24, 2018. Pet. (Dkt. 1). Petitioner alleges as grounds for relief that:

> I.   The Michigan Court of Appeals erred by ruling that Petitioner waived his claim regarding the trial court's failure to hold a separate hearing to establish the sexual delinquency charge;
>
> II.  Trial counsel was ineffective for failing to object to the lack of a separate hearing regarding the sexual delinquency charge;
>
> III. The trial court violated his right to due process by refusing to recuse itself despite overwhelming evidence that the court was biased;
>
> IV.  The trial court violated his right to due process by refusing to allow him to take a polygraph test to prove his innocence;
>
> V.   Petitioner's right to due process was violated by the use of prior convictions for criminal sexual conduct to establish that he was a habitual offender; and
>
> VI.  Appellate counsel was ineffective for failing to (a) file a motion for reconsideration in the Michigan Court of Appeals on his first claim, (b) argue that

3

defense counsel was ineffective for failing to object to the lack of a separate hearing on sexual delinquency, and (c) raise issues three through five.

Id. at PageID.4, 6, 8, 11–12, 14.

In lieu of filing an answer, Respondent filed a motion to dismiss arguing that the Court should dismiss the petition because Petitioner did not raise his third, fourth, fifth, and sixth claims in the Michigan Court of Appeals. Mot. to Dism., PageID 26–27, 34, 36 (Dkt. 6). On December 19, 2019, the Court denied the motion but held the petition in abeyance and stayed the case to allow Petitioner to return to the state courts to exhaust his claims. See 12/19/19 Op. and Order (Dkt. 9).

On January 21, 2020, Petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

> I. Was Defendant-Appellant denied due process of law in violation of the (V), (XIV), where Judge Timothy G. Hicks refused to recuse himself from this criminal case pursuant to 28 U.S.C. 455(a) and MCR 2.003 et. seq., where overwhelming evidence attached hereto, clearly shows bias and the appearance of bias by Judge Hicks against Defendant-Appellant.
>
> II. Defendant-Appellant was denied due process of law in violation of the (V), (XIV) Amends. of the U.S. Const. by Circuit Court Judge Timothy G. Hicks refusing to allow Defendant-Appellant to take a polygraph test to prove his innocence where there was a binding agreement between the prosecutor and Defendant-Appellant to revisit the charges if Defendant-Appellant passed the test.
>
> III. Defendant-Appellant was denied due process of law in violation of the (V), (XIV) Amends. of the U.S. Const. where prior convictions for criminal sexual conduct were used by the prosecution that is not a constitutionally enacted crime that cannot be used for Habitual Offender Statute in this case under MCL 769.12.
>
> IV. Defendant-Appellant was denied effective assistance of appellate counsel in violation of the U.S. Const. Amends. (V), (XIV), where appellate counsel failed to file a motion for reconsideration in the Michigan Court of Appeals to Issue No. 1, supra, when Defendant-Appellant did not "waive" his statutory right to a separate hearing under MCL 767.61(a) and further argue that defense counsel was ineffective in failing to raise the "waiver claim" and object to issue No. 2 and failed to raise issue No. 3, 4, 5, supra, in this application after appointment of appellate counsel as the record revealed these issues.

1/1/20 Mot. for Rel. at PageID.620–621 (Dkt. 15-2).

On February 3, 2020, the trial court denied the motion for relief from judgment on the basis that Petitioner "failed to demonstrate good cause or actual prejudice as required under MCR 6.508(D)." 2/3/20 14th Cir. Ct. Op. and O. at PageID.612–615 (Dkt. 15-1). Alternatively, the trial court addressed the merits of Petitioner's claims and concluded each lacked merit. Id. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. On June 6, 2020, the appellate court denied the application because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." Mich. COA 7/6/20 O. at PageID.631 (Dkt. 15-4). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On February 2, 2021, the court denied the application. People v. Sieradzki, 953 N.W.2d 389 (Mich. 2021).

Shortly after, Petitioner moved to appoint counsel and reopen the habeas case. Mot. to appt. at PageID.475 (Dkt. 10). On May 6, 2022, the Court denied the motion for counsel and reopened the case, concluding that Petitioner had properly exhausted the claims raised in the petition and directed Respondent to file an answer. 5/6/22 Order (Dkt. 12). Respondent promptly filed an answer contending that habeas claims I, III, IV, and V are procedurally defaulted, and all claims lack merit. See Ans.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct 504, 506 (2019). A federal court may grant habeas corpus relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable

5

application of," Supreme Court precedent that was "clearly established" at the time of the adjudication. 28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. To obtain habeas relief in federal court, a state prisoner must show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011)

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id. For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

#### A. Procedural Default

As an initial matter, Respondent argues that several of Petitioner's claims are procedurally defaulted. First, Respondent contends that Petitioner's claim I is procedurally defaulted on the basis of waiver. A court may bypass a procedural-default question if the claim is easily resolvable against the habeas petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997). Because it is more

6

efficient for the Court to address this claim on the merits, the Court will bypass the procedural default analysis for this claim.

Next, Respondent contends that the Court's review of claims III, IV, and V is procedurally barred because the state court denied relief based on Michigan Court Rule 6.508(D)(3). That rule prohibits a defendant from raising claims on state collateral review that were not raised on direct appeal absent a showing of "good cause" and "actual prejudice." The claims identified by Respondent were raised for the first time on post-conviction collateral review.

Claims that are rejected by a state court on independent state procedural grounds are barred from subsequent federal habeas review absent a showing of cause to excuse the failure to comply with the rule and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Here, the state trial court denied Petitioner relief on these claims, in part, because he failed to demonstrate good cause or actual prejudice from the failure to raise those claims on direct appeal as required by Michigan Court Rule 6.508(D)(3). See 2/3/20 14th Cir. Ct. Op. and O. at PageID.612–615. The basis for the state court decision therefore constitutes an independent and adequate state procedural ground, resulting in a procedural bar to a review on the merits in this action. See Ivory v. Jackson, 509 F.3d 284, 292-93 (6th Cir. 2007). The trial court's discussion of the merits of Petitioner's claims in addition to invoking Rule 6.508(D) does not change this analysis. See Northrop v. Horton, 779 F. App'x 312, 315 (6th Cir. 2019) (citations omitted). Therefore, the Court finds that habeas claims III, IV, and V procedurally defaulted.

To demonstrate entitlement to federal habeas review of the defaulted claims, Petitioner must establish either (1) cause for the default and prejudice from the alleged constitutional violation, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has not satisfied either of these alternatives.

7

Petitioner brings a substantive claim (habeas claim VI) that appellate counsel was ineffective for failing to raise habeas claims III, IV, and V on direct appeal. Appellate counsel's ineffectiveness in failing to raise his post-conviction claims on direct appeal constitutes the required cause and excuses his default. See Moore v. Mitchell, 708 F.3d 760, 776 (6th Cir. 2013) (holding that ineffective assistance of appellate counsel may constitute cause excusing a procedural default). When an ineffective assistance of counsel claim is asserted as cause to excuse a procedural default, the ineffective assistance claim is reviewed de novo. Chase v. MaCauley, 971 F.3d 582, 591–92 (6th Cir. 2020).

To establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient . . . . [and] that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690. Judicial scrutiny of counsel's performance is thus "highly deferential." Id. at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Moreover, an attorney is not required "to raise every non-frivolous issue on appeal." Caver v. Straub, 349 F.3d 340, 348 (6th Cir. 2003); see also Smith v. Murray, 477 U.S. 527, 536 (1986); Jones v. Barnes, 463 U.S. 745, 751–52 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."

8

United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Barnes, 463 U.S. at 751–52). Thus, a failure to raise a claim on appeal will generally constitute deficient performance only if the omitted claim is "clearly stronger" than the claims raised on direct review. Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Here, Petitioner fails to show that appellate counsel performed deficiently or that he suffered prejudice. Appellate counsel raised two claims: (1) the trial court violated statutory requirements and Petitioner's right to due process by convicting and sentencing him as a sexually delinquent person without holding a separate hearing on sexual delinquency; and (2) trial counsel was ineffective for not objecting to the trial court's failure to hold a separate hearing to establish sexual delinquency. Although the Michigan Court of Appeals rejected those claims, the reasonableness of an attorney's decisions is not measured by their success. See Baze v. Parker, 371 F.3d 310, 320–21 (6th Cir. 2004) ("[T]he Sixth Amendment guarantees [only] reasonable competence, not perfect litigation."). Counsel's presentation of the issues was clearly the result of strategic and tactical choices, choices which are "properly left to the sound professional judgment of counsel." McMeans v. Brigano, 228 F.3d 674, 688 (6th Cir. 2000) (citing United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990)). The Court notes that counsel's decision not to raise additional claims is justified by the fact that none of the defaulted claims are "dead-bang winners"

9

given that the state trial court ruled that they lack merit (in finding no cause and/or prejudice to excuse the default).

Because the defaulted claims lack merit for the reasons stated by the trial court in denying relief from judgment, Petitioner fails to show that appellate counsel erred and/or that he was prejudiced by counsel's conduct. He thus fails to establish cause and prejudice to excuse this procedural default.

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. Coleman, 501 U.S. at 750. A fundamental miscarriage of justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495–96 (1986). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). A valid actual innocence claim must be supported by new, reliable evidence that was not presented at trial and is "so strong a court cannot have confidence in the outcome of the petitioner's trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Such evidence can include exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Id. But this evidence "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. Here, Petitioner does not argue that a fundamental miscarriage of justice would occur if the Court does not excuse the defaults and address the claims on the merits.

Accordingly, review of habeas claims III, IV, and V are barred from review in this Court.

10

B. Merits

1. Separate Hearing under Mich. Comp. Laws § 767.61a

Petitioner argues that the trial court violated his due process rights by failing to hold a separate hearing to establish the factual basis for the sexual delinquency charge under Mich. Comp. Laws § 767.61a. Pet. at PageID.4. Respondent argues that Petitioner's claim is waived because trial counsel stipulated to the admission of police reports to support the charge, the claim is non-cognizable as a state law issue on habeas review, and lacks merit. Ans. At PageID.567. The Michigan Court of Appeals rejected the claim on direct review, concluding that trial counsel's stipulation waived Petitioner's claim:

> When a defendant pleads guilty to committing an offense as a sexually delinquent person, MCL 767.61[a] requires the trial court to conduct an examination, which the Supreme Court has interpreted as a hearing, either at the plea hearing or later, regarding sexually delinquency. People v. Franklin, 298 Mich. App. 539, 545; 828 N.W.2d 61 (2012).
>
> Waiver is "the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." People v. Kowalski, 489 Mich. 488, 503; 803 N.W.2d 200 (2011) (quotation marks and citations omitted). A stipulation constitutes a waiver of any alleged error. People v. Eisen, 296 Mich. App. 326, 328; 820 N.W.2d 229 (2012); see also People v. Riley, 465 Mich. 442, 449; 636 N.W.2d 514 (2001) ("When a court proceeds in a manner acceptable to all parties, it is not resolving a disputed point and thus does not ordinarily render a ruling susceptible to reversal."). At the plea hearing, the prosecutor and defense counsel stipulated that the trial court could use police reports regarding interviews of defendant's past victims to establish the factual basis for the sexual delinquency charge. Defense counsel's stipulation constituted a waiver of the trial court's alleged error in failing to hold a separate hearing regarding sexual delinquency; consequently, there is no error for us to review. Kowalski, 489 Mich. at 503; Eisen, 296 Mich. App. at 328–329.

Sieradzki, 2017 WL 4557026, at *2.

The Michigan Court of Appeals' decision was not an unreasonable application of federal law or clearly established Supreme Court precedent. First, to the extent that Petitioner's claim rests on the Michigan Court of Appeals' application of Mich. Comp. Laws § 767.61a, he fails to

11

state a claim on habeas review. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. Wilson, 562 U.S. at 5; Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984).

The Michigan Court of Appeals determined that Petitioner waived his right to a hearing under Mich. Comp. Laws § 767.61a by stipulating to the entry of the police reports. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Estelle v. McGuire, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. See Johnson v. United States, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements . . ."); Wainwright v. Goode, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized " 'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" Stumpf v. Robinson, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting Bradshaw, 546 U.S. at 76); see also Thomas v. Stephenson, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same). Accordingly, the Court will not disturb the state appellate court's decision on this basis.

To the extent that Petitioner's claim raises a due process violation for failing to hold a separate hearing, there is no federal constitutional right to an evidentiary hearing to determine a

12

fact admitted by a defendant. The status of a defendant as a sexually delinquent person is significant because such a charge increases a defendant's maximum sentence from 2 years to life.[2] Under the Sixth and Fourteenth Amendment, that consequence alone would require that the fact "be proved to a jury beyond a reasonable doubt." See United States v. Booker, 543 U.S. 220, 232 (2005) (citing Blakely v. Washington, 542 U.S. 296, 303 (2004)). The one exception to that rule is the circumstance presented here: where the fact is "admitted by the defendant." Id. At the plea hearing, Petitioner admitted to the existence of three prior sex-crime convictions: second-degree criminal sexual conduct in 1988 in Muskegon County, Michigan, child molestation in 1990 in Dekalb County, Georgia, and assault with intent to commit criminal penetration in 2002 in Muskegon County, Michigan. __ at PageID.69–73 (Dkt. 7-3). As part of the factual basis of the sexual delinquency charge, the trial court considered these prior convictions along with the police reports offered by the parties to establish Petitioner's history of sexual delinquency. Id. at PageID.79–80. Accordingly, no due process violation occurred because Petitioner admitted to his history of sexual predation.

For these reasons, Petitioner fails to show that the Michigan Court of Appeals' rejection of his claim is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, he is not entitled to habeas relief on the claim that he was denied a hearing to determine whether he was a "sexually delinquent person."

---

[2] Under Mich. Comp. Laws § 750.335a, indecent exposure is a misdemeanor with a maximum punishment of 2 years in jail "if the person was fondling his or her genitals . . . ." If the individual is a sexually delinquent person, then the maximum punishment is life. A "sexually delinquent person," is a "person whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others, or by the use of force upon another person in attempting sex relations of either a heterosexual or homosexual nature, or by the commission of sexual aggressions against children under the age of 16." Mich. Comp. Laws § 750.10a.

## 2. Ineffective Assistance of Trial Counsel

Next, Petitioner argues that trial counsel was ineffective for not objecting to the trial court's failure to hold a separate hearing regarding sexual delinquency before sentencing him as a sexually delinquent person. The Michigan Court of Appeals rejected this argument on direct review, concluding that:

> Defendant has failed to overcome the strong presumption that defense counsel's conduct was sound strategy. LeBlanc, 465 Mich. at 578. At the plea hearing, defense counsel told the trial court that she stipulated to the use of the police reports as "a matter of strategy and tactics." Indeed, the stipulation voided the prosecutor's need to bring in defendant's past victims and present detailed testimony regarding what defendant had done to them. It allowed the trial court to use a paper record to determine defendant's sexual delinquency status, and the paper record was then sealed and ordered opened solely by court order, thereby limiting the amount of information regarding defendant's past crimes that was publicly available. Defense counsel's decision was not objectively unreasonable. Trakhtenberg, 493 Mich. at 51.
>
> Furthermore, defendant fails to establish that but for defense counsel's stipulation, there is a reasonable probability that the outcome would have been different. See id. The record does not establish that had defense counsel insisted that the trial court hold a separate hearing regarding sexually delinquency, defendant would not have been convicted and sentenced as a sexually delinquent person.

Sieradzki, 2017 WL 4557026, at *2–3.

The Michigan Court of Appeals' decision was not an unreasonable application of federal law or clearly established Supreme Court precedent. To establish ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-part test. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. at 689. In other words, a defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Id.

14

Second, the defendant must show that such performance prejudiced his defense. Id. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As noted by the Michigan Court of Appeals, defense counsel's decision to stipulate to the police reports, as opposed to requesting a hearing where Petitioner's victims would testify about his criminal sexual acts, was sound strategy. Where the challenged conduct amounts to legitimate trial strategy, habeas courts will not find that counsel performed deficiently. Robins v. Fortner, 698 F.3d 317, 337–38 (6th Cir. 2012). Defense counsel's stipulation voided the prosecutor's need to call each of Petitioner's victims to testify, which would have allowed the trial court to consider evidence beyond the statements contained in the police reports. As the trial court observed, counsel's decision served Petitioner's interests as well as judicial interests by circumventing the need to haul the victims into court. 4/10/15 Tr. at PageID.80–81 (Dkt. 7-3). It is evident that Petitioner has a long history of sexual delinquency and defense counsel's decision to avoid a hearing was not objectively unreasonable under the circumstances.

Furthermore, Petitioner is unable to show that there is a reasonable probability that if counsel had not stipulated to the police reports and requested a separate hearing, the result of the proceeding would have been different. Indeed, Petitioner was not prejudiced by defense counsel's decision to stipulate to the admission of the reports, particularly since that same evidence would have been introduced eventually through a lengthier process without stipulations from counsel. See Burke v. United States, 261 F.Supp.2d 854, 862 (E.D. Mich. 2003). For these reasons, Petitioner fails to show that counsel was ineffective.

15

### 3. Ineffective Assistance of Appellate Counsel

Lastly, Petitioner argues that appellate counsel was ineffective for failing to file a motion for reconsideration in the Michigan Court of Appeals and failing to raise the issues in the motion for relief from judgment on direct appeal. Pet. at PageID.14. Petitioner raised the second part of this claim in his motion for relief from judgment. The trial court rejected it, concluding that:

> Sieradzki argues that ineffective assistance of counsel established good cause for his failure to raise these issues on appeal. Ineffective assistance of counsel can establish good cause. People v. Reed, 449 Mich. 375, 378; 535 NW2d 686 (2004). However, Counsel is not ineffective for failing to advance a meritless argument or raise a futile objection. People v. Ericksen, 268 Mich. App. 192, 201; 793 NW2d 120 (2010).
>
> The court has reviewed the grounds presented in Sieradzki's motion and finds that each fail on their merits. In light of the factual inaccuracies and lack of merit discussed in greater detail below, the court finds that Sieradzki's appellate counsel was not ineffective for failing to raise these arguments on appeal.

01/2/20 14th Cir. Ct. Op. and O. at PageID.613-614.

The legal premise for Petitioner's claim is clearly established. The Sixth Amendment guarantees a defendant the right to effective assistance of counsel on the first appeal by right. Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). Appellate "'[c]ounsel's performance is strongly presumed to be effective.'" McFarland v. Yukins, 356 F.3d 688, 710 (6th Cir. 2004) (quoting Scott v. Mitchell, 209 F.3d 854, 880 (6th Cir. 2000)). A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

"To evaluate a claim of ineffective assistance of appellate counsel . . . the court must assess the strength of the claim that counsel failed to raise." Henness v. Bagley, 644 F.3d 308, 317 (6th Cir. 2011). "If a reasonable probability exists that the defendant would have prevailed had the

16

claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." Id. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir.1990).

First, Petitioner argues that appellate counsel should have filed a motion for reconsideration in the Michigan Court of Appeals after denying his direct appeal. As discussed above, the two claims addressed by the Michigan Court of Appeals lacked merit. A lawyer will not be found ineffective for failing to advance a futile or meritless argument. Downs v. United States, 879 F.3d 688, 691 (6th Cir. 2018); Kelly v. Lazaroff, 846 F.3d 819, 831 (6th Cir. 2017). Because the Michigan Court of Appeals reasonably denied the claims, appellate counsel was not ineffective for failing to file a motion for reconsideration. Additionally, Petitioner has not shown that he would have prevailed on direct appeal had counsel filed a motion for reconsideration.

Second, Petitioner argues that appellate counsel was ineffective for failing to raise certain already unsuccessfully adjudicated claims on direct appeal. Pet. at PageID.15–16. Similarly, this claim fails. The Court defers to the trial court's decision rejecting habeas claims III through V on the merits. 01/2/20 14th Cir. Ct. Op. and O. at PageID.614–615. Again, appellate counsel is not ineffective for failing to advance a meritless argument.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

### IV.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.

Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus. Before Petitioner may appeal, a certificate of appealability (COA) must issue. See 28

U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In this case, Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court denies a COA.

Lastly, the Court concludes that an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Dated: August 6, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

 s/Joseph Heacox
 JOSEPH HEACOX
 Case Manager